**WO**                                                                    MDR

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Joseph A. Trenton, et al., | No. CV 08-1250-PHX-MHM (DKD) |
| Plaintiffs, | **ORDER** |
| vs. | |
| Dora B. Schriro, et al., | |
| Defendants. | |

On July 3, 2008, Plaintiff Joseph A. Trenton, who is confined in the Arizona State Prison Complex-Eyman in Florence, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff did not pay the $350.00 civil action filing fee or file a proper Application to Proceed *In Forma Pauperis*.

**I.     Dismissal of Additional Plaintiffs**

In addition to Plaintiff Trenton, the following are listed as Plaintiffs on the Complaint: Kenneth Schwan, Kenneth Grove, Christopher Huerstel, Ivan Linebarger, Jeremy James, Bryan Baker, Omarr West, Elio Salas, Arthur Wilder, and Robert Gribble.

First, Plaintiff Trenton has no authority to bring this action on behalf of the other plaintiffs. "[C]onstitutional claims are personal and cannot be asserted vicariously." Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997). A party is permitted to plead and conduct his or her case "personally or by counsel." 28 U.S.C. § 1654. A non-lawyer may appear on his own behalf in his own case but "has no authority to appear as an attorney for others than himself." Johns, 114 F.3d at 876 (quoting C.E. Pope Equity Trust v. United

JDDL

1  States, 818 F.2d 696, 697 (9th Cir. 1987)).   Second, pursuant to Local Rule of Civil

2  Procedure 3.4(a), complaints must be signed.  Only Plaintiff Trenton signed the Complaint.

3  All of the Plaintiffs other than Plaintiff Trenton will be dismissed without prejudice.

4  Each dismissed Plaintiff may file an individual lawsuit on his own behalf.

5  **II.    Payment of Filing Fee**

6  When bringing an action, a prisoner must either pay the $350.00 filing fee in a lump

7  sum or, if granted the privilege of proceeding *in forma pauperis*, pay the fee incrementally

8  as set forth in 28 U.S.C. § 1915(b)(1).  An application to proceed *in forma pauperis* requires

9  an affidavit of indigence and a *certified* copy of the inmate's trust account statement for the

10  six months preceding the filing of the Complaint.  28 U.S.C. § 1915(a)(2).  An inmate must

11  submit statements from each institution where he was confined during the six-month period.

12  Id.  To assist prisoners in meeting these requirements, the Court requires use of a form

13  application.  LRCiv 3.4(a).

14  If a prisoner is granted leave to proceed *in forma pauperis*, the Court will assess an

15  initial partial filing fee of 20% of either the average monthly deposits or the average monthly

16  balance in Plaintiff's account, whichever is greater.  28 U.S.C. § 1915(b)(1).  An initial

17  partial filing fee will only be collected when funds exist.  28 U.S.C. § 1915(b)(4).  The

18  balance of the fee will be collected in monthly payments of 20% of the preceding month's

19  income credited to an inmate's account, each time the amount in the account exceeds $10.00.

20  28 U.S.C. § 1915(b)(2).

21  Because Plaintiff Trenton has not paid the $350.00 civil action filing fee or filed an

22  Application to Proceed *In Forma Pauperis*, Plaintiff will be permitted 30 days from the filing

23  date of this Order to submit a properly executed and certified Application to Proceed *In*

24  *Forma Pauperis*, using the form included with this Order, or pay the $350.00 filing fee.

25  The Arizona Department of Corrections (ADOC) has notified the Court that a certified

26  trust fund account statement showing deposits and average monthly balances is available

27  from the ADOC's Central Office. *Accordingly, Plaintiff Trenton must obtain the certified*

28

JDDL                                                    - 2 -

1  *copy of his ADOC trust fund account statement for the six months immediately preceding the*

2  *filing of the Complaint from the* **ADOC's Central Office**.

3  **III.     Complaint not on Court-Approved Form**

4          The Court is required to screen complaints brought by prisoners seeking relief against

5  a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.

6  § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised

7  claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

8  be granted, or that seek monetary relief from a defendant who is immune from such relief.

9  28 U.S.C. § 1915A(b)(1), (2).

10          Local Rule of Civil Procedure 3.4(a) requires in part that "[a]ll complaints and

11  applications to proceed in forma pauperis by incarcerated persons shall be signed and legibly

12  written or typewritten on forms approved by the Court and in accordance with the

13  instructions provided with the forms."  Plaintiff's Complaint is not on a court-approved form

14  as required by Local Rule of Civil Procedure 3.4(a).  Plaintiff's Complaint will therefore be

15  dismissed without prejudice, with leave to amend, in order for Plaintiff to file an amended

16  complaint on a court-approved form.

17          Within 30 days, Plaintiff may submit a first amended complaint on a court-approved

18  form.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first

19  amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike

20  the amended complaint and dismiss this action without further notice to Plaintiff.

21          Plaintiff must clearly designate on the face of the document that it is the "First

22  Amended Complaint."  The first amended complaint must be retyped or rewritten in its

23  entirety on the court-approved form and may not incorporate any part of the original

24  Complaint by reference.  Plaintiff may include only one claim per count.

25          A first amended complaint supersedes the original complaint.  <u>Ferdik v. Bonzelet</u>, 963

26  F.2d 1258, 1262 (9th Cir. 1992); <u>Hal Roach Studios v. Richard Feiner & Co.</u>, 896 F.2d 1542,

27  1546 (9th Cir. 1990).  After amendment, the Court will treat an original complaint as

28  nonexistent.  <u>Ferdik</u>, 963 F.2d at 1262.  Any cause of action that was raised in the original

complaint is waived if it is not raised in a first amended complaint.  <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987).

## IV.    Warnings

### A.    Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

### B.    Copies

Plaintiff must submit an additional copy of every filing for use by the Court.  <u>See</u> LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### C.    Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  <u>See</u> <u>Ferdik</u>, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Plaintiffs Kenneth Schwan, Kenneth Grove, Christopher Huerstel, Ivan Linebarger, Jeremy James, Bryan Baker, Omarr West, Elio Salas, Arthur Wilder, and Robert Gribble are **dismissed** without prejudice to each of them filing an individual lawsuit on his own behalf.

(2)    Plaintiff Trenton has provided the names and ADOC inmate numbers of the ten other Plaintiffs:

| | |
|---|---|
| Kenneth Schwan, ADOC #105774 | Kenneth Grove, ADOC #069676 |
| Christopher Huerstel, ADOC #157704 | Ivan Linebarger, ADOC #153516 |
| Jeremy James, ADOC #208132 | Bryan Baker, ADOC #186807 |
| Omarr West, ADOC #209551 | Elio Salas, ADOC #156609 |
| Arthur Wilder, ADOC #222692 | Robert Gribble, ADOC #223389 |

1    As a courtesy to the dismissed Plaintiffs, the Clerk of Court **must mail** a copy of this

2 Order to them at the following address:

3                          ASPC-Eyman
                           SMU I Unit
4                 Inmate Name and ADOC #
                          P.O. Box 4000
5                      Florence, AZ 85232

6    (3)    Within 30 days of the date this Order is filed, Plaintiff Trenton must either pay

7 the $350.00 filing fee **or** file a complete Application to Proceed *In Forma Pauperis* and a

8 certified six-month trust account statement.

9    (4)    If Plaintiff Trenton fails to either pay the $350.00 filing fee or file a completed

10 Application to Proceed *In Forma Pauperis* within 30 days, the Clerk of Court must enter a

11 judgment of dismissal of this action without prejudice and without further notice to Plaintiff.

12    (5)    The Complaint (Doc. #1) is **dismissed without prejudice** for failure to file on

13 a court-approved form.  Plaintiff Trenton has **30 days** from the date this Order is filed to file

14 a first amended complaint in compliance with this Order.

15    (6)    If Plaintiff Trenton fails to file an amended complaint within 30 days, the Clerk

16 of Court must, without further notice, enter a judgment of dismissal of this action without

17 prejudice.

18    (7)    The Clerk of the Court must mail Plaintiff Trenton a court-approved form for

19 filing an Application to Proceed *In Forma Pauperis* (Non-Habeas) and a court-approved

20 form for filing a civil rights complaint by a prisoner.

21    DATED this 11th day of July, 2008.

22

23

24    _____
             Mary H. Murguia
25        United States District Judge

26

27

28

JDDL                                    - 5 -

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3. <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6. <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

Phoenix & Prescott Divisions:   **OR**   Tucson Division:
U.S. District Court Clerk               U.S. District Court Clerk
U.S. Courthouse, Suite 130             U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10     405 West Congress Street
Phoenix, Arizona  85003-2119           Tucson, Arizona  85701-5010

7.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed this _____ (month, day, year) to:
> Name: _____
> Address:_____
>        Attorney for Defendant(s)
>
> _____
> (Signature)

9.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

 1.  <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

 2.  <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

 3.  <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

 1.  <u>Nature of Suit</u>.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

 2.  <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

 3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

 You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

 You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.


**FINAL NOTE**


You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,   )
(Full Name of Plaintiff)   )
        Plaintiff,   )
                       )
        vs.   )   **CASE NO.** _____
                       )         (To be supplied by the Clerk)
(1) _____ ,   )
(Full Name of Defendant)   )
(2) _____ ,   )
                       )   **CIVIL RIGHTS COMPLAINT**
(3) _____ ,   )   **BY A PRISONER**
                       )
(4) _____ ,   )   ☐ Original Complaint
        Defendant(s).   )   ☐ First Amended Complaint
 ☐ Check if there are additional Defendants and attach page 1-A listing them.   )   ☐ Second Amended Complaint

## A. JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
      ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
      ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
      ☐ Other: _____ .

2.   Institution/city where violation occurred: _____ .

**550/555**

**B.  DEFENDANTS**

1.  Name of first Defendant: _____. The first Defendant is employed as:
    _____at_____.
    (Position and Title)                                                                (Institution)

2.  Name of second Defendant: _____. The second Defendant is employed as:
    _____at_____.
    (Position and Title)                                                                (Institution)

3.  Name of third Defendant: _____. The third Defendant is employed as:
    _____at_____.
    (Position and Title)                                                                (Institution)

4.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
    _____at_____.
    (Position and Title)                                                                (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

**C.  PREVIOUS LAWSUITS**

1.  Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

    b.  Second prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

    c.  Third prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D. CAUSE OF ACTION

### COUNT I

1.  State the constitutional or other federal civil right that was violated: _____
_____.

2.  **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities          ☐ Mail             ☐ Access to the court       ☐ Medical care
    ☐ Disciplinary proceedings   ☐ Property         ☐ Exercise of religion      ☐ Retaliation
    ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.  **Administrative Remedies:**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                    ☐ Yes    ☐ No
    b.  Did you submit a request for administrative relief on Count I?          ☐ Yes    ☐ No
    c.  Did you appeal your request for relief on Count I to the highest level?  ☐ Yes    ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

## COUNT II

1.  State the constitutional or other federal civil right that was violated: _____
    _____.

2.  **Count II.** Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
    ☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
    ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____.

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

    _____
    _____
    _____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                    ☐ Yes     ☐ No
    b.  Did you submit a request for administrative relief on Count II?        ☐ Yes     ☐ No
    c.  Did you appeal your request for relief on Count II to the highest level?  ☐ Yes     ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
        _____.

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
   ☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
   ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available
        at your institution?                                                           ☐ Yes   ☐ No
   b.   Did you submit a request for administrative relief on Count III?                ☐ Yes   ☐ No
   c.   Did you appeal your request for relief on Count III to the highest level?       ☐ Yes   ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why
        you did not.  _____
        _____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

5

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____

_____

_____

_____

_____

_____

_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                      DATE                                 SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____

_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.

**Instructions for Prisoners Applying for Leave to Proceed *in Forma Pauperis*
Pursuant to 28 U.S.C. § 1915 in a Civil Action (Non-habeas) in Federal Court**

You must pay the full filing fee of $350.00 for a civil action.  If you later file an appeal, you will be obligated to pay the $455.00 filing fee for the appeal.

If you have enough money to pay the full filing fee, you should send a cashier's check or money order payable to the Clerk of the Court with your complaint, petition, or notice of appeal.

If you do not have enough money to pay the full filing fee, you can file the action without prepaying the filing fee.  However, the court will assess an initial partial filing fee.  The initial partial filing fee will be the greater of 20% of the average monthly deposits or 20% of the average monthly balance in your prison or jail account for the six months immediately preceding the filing of the lawsuit.  The court will order the agency that has custody of you to withdraw the initial partial filing fee from your prison or jail account as soon as funds are available and to forward the money to the court.

After the initial partial filing fee has been paid, you will owe the balance of the filing fee. Until the filing fee is paid in full, each month you will owe 20% of your preceding month's income.  The agency that holds you in custody will collect that money and forward it to the court any time the amount in your account exceeds $10.00.  The balance of the filing fee may be collected even if the action is later dismissed, summary judgment is granted against you, or you fail to prevail at trial.

To file an action without prepaying the filing fee, and to proceed with an action *in forma pauperis*, you must complete the attached form and return it to the court with your complaint. You must have a prison or jail official complete the certificate on the bottom of the form and attach a certified copy of your prison or jail account statement for the last six months.  If you were incarcerated in a different institution during any part of the past six months, you must attach a certificate and a certified copy of your account statement from each institution at which you were confined.  If you submit an incomplete form or do not submit a prison or jail account statement with the form, your request to proceed *in forma pauperis* will be denied.

Even if some or all of the filing fee has been paid, the court is required to dismiss your action if: (1) your allegation of poverty is untrue; (2) the action is frivolous or malicious; (3) your complaint does not state a claim upon which relief can be granted; or (4) your complaint makes a claim against a defendant for money damages and that defendant is immune from liability for money damages.

If you file more than three actions or appeals which are dismissed as frivolous or malicious or for failure to state a claim on which relief can be granted, you will be prohibited from filing any other action *in forma pauperis* unless you are in imminent danger of serious physical injury.

Revised 4/9/06

---

Name and Prisoner/Booking Number

---

Place of Confinement

---

Mailing Address

---

City, State, Zip Code

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____, ) CASE NO. _____
                Plaintiff,   )
                        )
       vs.               )       APPLICATION TO PROCEED
                        )          _IN FORMA PAUPERIS_
_____, )        BY A PRISONER
            Defendant(s).   )      CIVIL (NON-HABEAS)
_____)

I, _____, declare, in support of my request to proceed in the above entitled case without prepayment of fees under 28 U.S.C. § 1915, that I am unable to pay the fees for these proceedings or to give security therefor and that I believe I am entitled to relief.

In support of this application, I answer the following questions under penalty of perjury:

1. Have you ever before brought an action or appeal in a federal court while you were incarcerated or detained?
   ☐ Yes    ☐ No    If "Yes," how many have you filed? _____.
   Were any of the actions or appeals dismissed because they were frivolous, malicious, or failed to state a claim upon which relief may be granted?    ☐ Yes    ☐ No    If "Yes," how many of them? _____.

2. Are you currently employed at the institution where you are confined?    ☐ Yes    ☐ No
   If "Yes," state the amount of your pay and where you work. _____
   _____
   _____

3. Do you receive any other payments from the institution where you are confined?    ☐ Yes    ☐ No
   If "Yes," state the source and amount of the payments. _____
   _____
   _____

Revised 4/9/06

1

4.   Do you have any other sources of income, savings, or assets either inside or outside of the institution where you are confined?                                                                                     ☐Yes            ☐No
If "Yes," state the sources and amounts of the income, savings, or assets. _____

_____

_____

I declare under penalty of perjury that the above information is true and correct.

_____                    _____
          DATE                                                      SIGNATURE OF APPLICANT

## CONSENT TO COLLECTION OF FEES FROM TRUST ACCOUNT

I, _____, hereby consent to having the designated correctional officials at this institution release to the Court my trust account information.  I further consent to having the designated correctional officials at this institution withdraw from my trust account the funds required to comply with the order of this Court for the payment of filing fees in accordance with 28 U.S.C. § 1915(b).

My consent includes withdrawal from my account by correctional officials of partial initial payments to this Court equal to 20% of the greater of:

(A)  the average monthly deposits to my account for the six-month period preceding my filing of this action, or

(B)  the average monthly balance in my account for the six-month period preceding my filing of this action.

My consent also includes monthly withdrawals from my account by correctional officials of an amount equal to 20% of each month's income.  Whenever the amount in my account reaches $10.00, correctional officials will withdraw that amount and forward it to the Court until the required filing fee is paid in full.  I understand that I am liable for paying the entire fee, even if my case is dismissed by the Court before the fee is fully paid.

_____                    _____
          DATE                                                      SIGNATURE OF APPLICANT

## CERTIFICATE OF CORRECTIONAL OFFICIAL
## AS TO STATUS OF APPLICANT'S TRUST ACCOUNT

I, _____, certify that as of the date applicant signed this application:
          (Printed name of official)
The applicant's trust account balance at this institution is:                              $_____
The applicant's average monthly deposits during the prior six months is:      $_____
The applicant's average monthly balance during the prior six months is:        $_____
The attached certified account statement accurately reflects the status of the applicant's account.

_____
DATE          AUTHORIZED SIGNATURE          TITLE/ID NUMBER          INSTITUTION

Revised 4/9/06