**WO**            MDR

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph A. Trenton, et al., | No. CV 08-1250-PHX-MHM (DKD) |
| Plaintiff, | **ORDER** |
| vs. | |
| Dora B. Schriro, et al., | |
| Defendants. | |

### I. Background

On July 3, 2008, Plaintiff Joseph A. Trenton, who is confined in the Arizona State Prison Complex-Tucson In Tucson, Arizona, filed a *pro se* civil rights Complaint, on behalf of himself and other inmates, pursuant to 42 U.S.C. § 1983. Plaintiff did not pay the $350.00 civil action filing fee or file a proper Application to Proceed *In Forma Pauperis*.

In a July 14, 2008 Order, the Court dismissed all of the plaintiffs other than Plaintiff Trenton, noted that Plaintiff Trenton had neither paid the filing fee or filed an Application to Proceed *In Forma Pauperis,* and dismissed the Complaint, without prejudice, because Plaintiff Trenton had not filed on the court-approved form. The Court gave Plaintiff Trenton 30 days to pay the filing fee or file an Application to Proceed and 30 days to file an amended complaint on the court-approved form.

TERMPSREF

On August 1, 2008, Plaintiff Trenton and others filed a First Amended Complaint (Doc. #4) and a "Motion for Certification as a Class-Action; and Motion for Appointment of Legal Counsel" (Doc. #5). Plaintiff Trenton also filed a Application to Proceed *In Forma Pauperis* (Doc. #6).

**II.     Dismissal of Additional Plaintiffs**

In addition to Plaintiff Trenton, the following are listed as Plaintiffs on the First Amended Complaint: Kenneth Schwan, Bryan Baker, Troy J. Diets, Little Baca, Bobby R. Thomas, Danny Strahan, and Shawn M. Atkinson.

First, Plaintiff Trenton has no authority to bring this action on behalf of the other plaintiffs. "[C]onstitutional claims are personal and cannot be asserted vicariously." Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997). A party is permitted to plead and conduct his or her case "personally or by counsel." 28 U.S.C. § 1654. A non-lawyer may appear on his own behalf in his own case but "has no authority to appear as an attorney for others than himself." Johns, 114 F.3d at 876 (quoting C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987)).

Second, all prisoners who file civil actions must pay the full amount of the filing fee either at the time the lawsuit is filed or, if granted leave to proceed *in forma pauperis*, incrementally. See Taylor v. Delatoore, 281 F.3d 844, 847 (9th Cir. 2002) (citing 28 U.S.C. § 1915(b)(1)). None of the plaintiffs has paid the filing fee and only Plaintiff Trenton has filed an Application to Proceed *In Forma Pauperis*.

Third, pursuant to Local Rule of Civil Procedure 3.4(a), complaints must be signed. Shawn M. Atkinson did not sign the First Amended Complaint.

All of the Plaintiffs other than Plaintiff Trenton will be dismissed without prejudice. **Each dismissed Plaintiff may file an individual lawsuit on his own behalf.[1]**

---

[1] The Court made this same statement in its July 14, 2008 Order. Plaintiff Trenton apparently disregarded it, as did Kenneth Schwan and Bryan Baker, both of whom where dismissed from the original complaint.

1  **III.    Application to Proceed *In Forma Pauperis* and Filing Fee**

2  Plaintiff Trenton's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).  The Court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**IV.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

**V.    First Amended Complaint**

In his one-count First Amended Complaint, Plaintiff sues the following Defendants: Arizona Department of Corrections (ADOC) Director Dora B. Schriro, Regional Director Bennie H. Rollins, Northern Regions Operations Director L. Bartos; Protective Segregation Committee Board Members Herb Hailey and Maria Madrid; and unidentified Protective Segregation Committee Board Members.

Plaintiff alleges that Defendants have violated the Eighth Amendment prohibition against cruel and unusual punishment because they implement, oversee, and follow a protective segregation review policy that "refuse[s protective segregation] placement no matter what."  Plaintiff states that he sought protective segregation placement "due to an objectively, sufficiently serious risk of harm in the ADOC General Population," that ADOC officials recommended protective segregation placement, but the Protective Segregation Board Members denied his requests and Defendants Rollins and Bartos denied his appeals.

1 Plaintiff alleges that the Defendants have acted with deliberate indifference by denying him 2 placement into protective segregation even after they were made aware of a sufficiently 3 serious risk of harm.

4 In his Request for Relief, Plaintiff seeks declaratory and injunctive relief, his 5 attorneys' fees and costs, and monetary damages.

6 Liberally construed, Plaintiff has stated a claim and the Court will require Defendants 7 to answer the First Amended Complaint.

8 The Court will not direct that service be made on the unidentified Protective 9 Segregation Committee Board Member Defendants at this time.  The Court is unable to 10 identify these individuals, and, as a practical matter, it is virtually impossible for the United 11 States Marshal to serve a summons and complaint upon unknown persons.  However, the 12 Court will not dismiss the claims against the unidentified Protective Segregation Committee 13 Board Member Defendants at this time.  See Wakefield v. Thompson, 177 F.3d 1160, 1163 14 (9th Cir. 1999) (where identity of defendants is unknown prior to filing of complaint, 15 plaintiff should be given an opportunity through discovery to identify the unknown 16 defendants, unless it is clear that discovery would not uncover the identities or that the 17 complaint would be dismissed on other grounds).

18 Plaintiff may use the discovery process to obtain the names of the unidentified 19 Protective Segregation Committee Board Member Defendants.  If Plaintiff later discovers 20 the identities of the unidentified Protective Segregation Committee Board Member 21 Defendants, Plaintiff should amend his complaint to name them. Pursuant to Rule 15 of the 22 Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter 23 of course at any time before a responsive pleading is served.  Otherwise, a party may amend 24 the party's pleading only by leave of court or by written consent of the adverse party.

25 **VI.    Motion for Certification and Appointment of Counsel**

26 In his "Motion for Certification as a Class-action; and Motion for Appointment of 27 Legal Counsel," Plaintiff seeks to have the Court certify this action as a class action,  alleges

28

that this action meets the requirements of Rule 23 of the Federal Rules of Civil Procedure, and seeks an appointment of counsel to represent the class.

One prerequisite to maintaining a class action is that the class "representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). It follows that a class action may not be certified where the representative parties are without counsel. See McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966) (non-lawyer had no authority to appear as an attorney for other persons in a purported class action); C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir.1987) (while a non-attorney may represent himself, he has no authority to appear as an attorney for others); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (plain error to permit an inmate proceeding *pro se* to represent fellow inmates in a class action). "This rule is an outgrowth not only of the belief that a layman, untutored in the law, cannot 'adequately represent' the interests of the members of the 'class,' but also out of the long-standing general prohibition against even attorneys acting as both class representative and counsel for the class." Huddleston v. Duckworth, 97 F.R.D. 512, 514 (N.D. Ind. 1983). Accordingly, before deciding whether this matter can proceed as a class action, the Court must first determine whether this is a case that merits the appointment of counsel.

There is no constitutional right to appointment of counsel in a civil case. See Ivey v. Board of Regents of University of Alaska, 673 F.2d 266, 269 (9th Cir. 1982). In proceedings *in forma pauperis*, the court may request an attorney to represent any person unable to afford one. 28 U.S.C. § 1915(e)(1). Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present. Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issue involved. Id. "Neither of these factors is dispositive and both must be viewed together before reaching a decision." Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

1    Having considered both elements, it does not appear at this time that exceptional
2    circumstances are present that would require the appointment of counsel in this case.
3    Therefore, the Court will deny without prejudice the request for counsel.

4    In light of the denial of Plaintiff's request for the appointment of counsel, the Court
5    will deny Plaintiff's Motion because Plaintiff, notwithstanding his self-proclaimed status as
6    a "jailhouse lawyer," will not be able to fairly and adequately protect the interests of the
7    class. See Fed. R. Civ. P. 23(a)(4).

## VII. Warnings

### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet,

963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiffs Kenneth Schwan, Bryan Baker, Troy J. Diets, Little Baca, Bobby R. Thomas, Danny Strahan, and Shawn M. Atkinson are **dismissed** without prejudice to each of them filing an individual lawsuit on his own behalf.

(2) Plaintiff Trenton has provided the names and ADOC inmate numbers of the seven other Plaintiffs:

| | |
|---|---|
| Kenneth Schwan, ADOC #105774 | Bryan Baker, ADOC #186807 |
| Troy J. Diets, ADOC #158651 | Little Baca, ADOC #065723 |
| Bobby R. Thomas, ADOC #063071 | Danny Strahan, ADOC #068912 |
| Shawn M. Atkinson, ADOC #205432 | |

As a courtesy to the dismissed Plaintiffs, the Clerk of Court **must mail** a copy of this Order to them at the following address:

> ASPC-Eyman
> SMU I Unit
> Inmate Name and ADOC #
> P.O. Box 4000
> Florence, AZ 85232

(3) Plaintiff Trenton's Application to Proceed *In Forma Pauperis* (Doc. #6) is **granted**.

(4) As required by the accompanying Order to the appropriate government agency, Plaintiff Trenton must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(5) The "Motion For Certification as a Class-Action; and Motion for Appointment of Legal Counsel" (Doc. #5) is **denied**.

(6) Defendants Schriro, Rollins, Bartos, Hailey, and Madrid must answer the First Amended Complaint.

(7) The Clerk of Court must send Plaintiff a service packet including the First Amended Complaint (Doc. #4), this Order, and both summons and request for waiver forms for Defendants Schriro, Rollins, Bartos, Hailey, and Madrid.

1     (8)    Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

    (9)    If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

    (10)    The United States Marshal must retain the Summons, a copy of the First Amended Complaint, and a copy of this Order for future use.

    (11)    The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

        (a)    personally serve copies of the Summons, First Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

        (b)    within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, First Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against

the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(12) **A Defendant who agrees to waive service of the Summons and First Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(13) Defendants must answer the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(14) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(15) This matter is referred to Magistrate Judge David K. Duncan pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

DATED this 12th day of September, 2008.

_____
Mary H. Murguia
United States District Judge